STRADER
*vs*
FORE.

or non-payment, arising from insolvency of the drawee, and no recovery can be had against such an one without allegation and proof to that effect.

---

## Strader *vs* Fore.

APPEAL FROM THE LOUISVILLE CHANCERY COURT.

*Lien. Parties. Jurisdiction in rem.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

THE Chancellor having, in this case, attached the Steamboat *Pike*, and rendered a decree *in rem*, for damages assessed under his order by a jury, for the unauthor-

CHANCERY.

*Case 52.*

October 27.

The case stated.

ized transportation on the said boat, and consequential escape of a slave, as alleged in a bill filed by *Joseph L. Fore*, as owner of said slave; the only question we shall consider, in revising that decree is, whether the statutes of 1824 and 1828, (*Stat. Law*, 259–60,) authorized such a proceeding and decree, without making the owner or any officer of the boat a party to the bill.

For such transportation as that charged in this case, the statutes of 1824–8, *supra*, provide that the delinquent officer or owner of the boat, so illegally used, shall be liable to an indictment, fine, and imprisonment, and to a civil suit for damages, and also that the boat "shall be "liable to the party aggrieved by such removal, and may "be proceeded against in *chancery*, and condemned and "sold to pay and satisfy such damage and the costs of "suit;" and for assessing the damages, the act of 1828 authorizes a suit, "either at law or in chancery," against the owner, mate, pilot and engineer, "as well as the master," either severally "or jointly with the master."

In enacting these statutes, did the Legislature intend to give to the Kentucky Courts of equity maritime jurisdiction, *ex parte*, and strictly *in rem?* or did it intend only to give a statutory lien on the condemnable boat, to be enforced by a bill in "*chancery*," as in other cases of lien, either legal or equitable? The latter object seems to us to be the only one fairly inferable from the style and tenor of the enactment of 1824–8. A personal liability to damages is first provided for, and then, for enforcing the damages to be assessed, the boat is made liable, and may be subjected, by a bill "*in chancery*," to the satisfaction of those damages and the costs of the suit. This, as it seems to us, should be understood as only giving a lien on the boat, as a collateral security, to be enforced in chancery as mortgages; and equitable and statutory liens may be enforced by bill in equity, to which all persons essentially interested are necessarily made parties. And this interpretation has hitherto been virtually given to those statutes by this Court in the cases of *Church et al. vs Chambers*, 3 *Dana*, 274, and of *Case et al vs Wooley*, 6 *Ib.* 18.

Moreover, without an implicit announcement, or an unambiguous manifestation of an intention to that effect, we ought not to presume that the Legislature of Kentucky intended to give to our State Courts of equity maritime jurisdiction, in such cases of torts on steamboats, more than in all other cases in which that species of property may be subjected to sale for satisfying a judgment or decree for damages.

If an action at law be brought for the damages, the person guilty of the alleged wrong should certainly be made a defendant; and if damages be assessed against such defendant, surely he would be a necessary party to a bill in chancery for enforcing these damages by a sequestration and sale of the steamboat. And why would not the owner of the boat be always an indispensable party, as in all other cases in equity, in which the sale of property is sought? And if a suit in chancery be brought in the first instance, why should not those persons be necessary parties, who would have been such had damages been first assessed in an action at law?

By providing for a proceeding *"in chancery"* against the boat, the Legislature should be understood as intending, not a *libel*, as in a strict maritime case, governed by the civil and international law, but a *bill* in chancery, regulated by the ordinary principles of the common law, as recognized and practised in our courts of equity.

It seems to us, therefore, that *Strader*, the owner of the steamboat in this case, ought to have been made a defendant to the bill, and that the chancellor erred in overruling his application to be permitted to make himself a party and defend the suit. And we are of the opinion also, that if the owner was not on the boat at the time of the alleged wrong, and be not, therefore, personally liable therefor, the master or other person who is personally responsible, should also be made a defendant, for otherwise it might be possible that damages may be assessed and enforced against the innocent owner of the boat without any notice to the only individual personally responsible for the alleged injury, and as against whom, therefore, the evidence taken in this case would

If an action *at law* be brought for redress of the injury designated in these statutes, the person guilty of the alleged wrong, is a necessary party; so in a suit in chancery, is he a necessary party, where the object is sequestration and sale of the boat.

Though the injury be committed by any other of the persons named in the statute than the owner, yet the owner is a necessary party likewise.

COM'TH. FOR
TOULMAN *et ux.*
*vs*
HEAVEREN *et al.*

be unavailing and inadmissible, in a suit by the owner for restitution or indemnity.

The decree of the Chancellor is, therefore, reversed and the cause remanded, with leave to amend the bill and make the proper parties thereto.

*Duncan* for appellant; *Cates & Lindsey* for appellee.